UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD CUMINOTTO,

    Plaintiff,

v.                                                   CASE NO. 8:24-cv-1014-SDM-NHA

SGT. RYAN DOLL,

    Defendants.
_____/

**ORDER**

Cuminotto alleges that Sgt. Ryan Doll violated his civil rights by retaliating against him. An earlier order (Doc. 5) both dismisses Ricky Dixon, the Secretary of the Florida Department of Corrections, from this action and allows the action to proceed against Sgt. Doll, who moves (Doc. 10) to dismiss under Rule 12, Federal Rules of Civil Procedure, based on Cuminotto's failure to exhaust his administrative remedies before he filed this action. Cuminotto opposes. (Doc. 11)

Sgt. Doll correctly argues that exhaustion of administrative remedies is required before a prisoner files a Section 1983 action. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Citing *Patsy v. Board of Regents, Fla.*, 457 U.S. 496 (1982), Cuminotto asserts that exhaustion is not

required. Cuminotto's reliance on *Patsy* is misplaced because *Patsy* was not a prisoner Section 1983 action and the case was issued before the exhaustion requirement was established by Section 1997e(a) for a prisoner Section 1983 action. Contrary to Cuminotto's assertion, a prisoner must "properly exhaust" the available administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The failure to "properly exhaust" the administrative remedies will bar a prisoner from pursuing a claim in federal court. "[S]aying that a party may not sue in federal court *until* the party first *pursues* all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *Ngo*, 548 U.S. at 100 (italics original). *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) ("[W]e hold that the PLRA's exhaustion requirement does contain a procedural default component: Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim. Therefore, Johnson's grievance, which he filed out-of-time and without good cause, is not sufficient to exhaust his administrative remedies for purposes of the PLRA exhaustion requirement.").

This mandatory exhaustion requirement applies even when administrative remedies do not allow the requested relief. *Ngo*, 548 U.S. 85 ("[A] prisoner must now exhaust administrative remedies even where the relief sought — monetary damages —

cannot be granted by the administrative process."); *Booth v. Churner*, 532 U.S. 731, 736 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *accord Leal v. Georgia Dep't of Corr.*, 254 F.2d 1276, 1279 (11th Cir. 2001) ("This means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citation omitted).

The attachments to the complaint show that Cuminotto's grievance and appeal were rejected for not conforming with the grievance procedures, specifically, Cuminotto attached too many pages to the grievance and he addressed more than one issue in the appeal.* To meet the exhaustion requirement, a grievance must conform with the institutional procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the P[risoner] L[itigation] R[eform] A[ct], that define the boundaries of proper exhaustion."). *See also Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 951–52 (11th Cir. 2016) ("To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison. The prison's requirements, rather than the PLRA, dictate the level of detail necessary for proper exhaustion.") (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007))

---

* Presumably Cuminotto was well versed in the grievance procedures because in one of the attachments Cuminotto reveals that he has been imprisoned in the Florida Department of Corrections for fifteen years.

Lastly, as the earlier order explains, "Cuminotto cannot pursue a Section 1983 action based only on the defendant's position as the employer of someone who allegedly wronged Cuminotto [because] *respondent superior* is inapplicable in a Section 1983 action."  (Doc. 5 at 2)

The motion to dismiss (Doc. 10) is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE**.  The clerk must close this case.

ORDERED in Tampa, Florida, on April 30, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE